39 F.3d 1178
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Donald Melvin MYERS, Plaintiff-Appellant,
v.
Jerry HYATT, Supervisor; Officer Gilbert; Officer Adams;
Officer Taylor; Officer Lee; Officer Hainsworth;
Officer Woodbury; Officer Sinkler,
Defendants-Appellees,
and
SUMTER COUNTY DETENTION CENTER, Defendant.
 No. 93-2313.
 United States Court of Appeals, Fourth Circuit.
 Submitted May 17, 1994.
Decided Oct. 25, 1994.
 
 Appeal from the United States District Court for the District of South Carolina, at Columbia. Dennis W. Shedd, District Judge. (CA-86-2844-19BC)
 John D. Elliott, Columbia, SC, for appellant.
 Thomas E. Player, Jr., Richardson, James and Player, Sumter, SC, for appellees.
 D.S.C..
 AFFIRMED.
 Before RUSSELL and WIDENER, Circuit Judges, and SPROUSE, Senior Circuit Judge.
 OPINION
 PER CURIAM:
 
 
 1
 This appeal originated as a jury trial before a magistrate judge on Appellant's 42 U.S.C. Sec. 1983 (1988) complaint in which he alleged that the Defendants were deliberately indifferent to his serious medical needs. The jury found in favor of the Defendants. In his first appeal of that decision, Appellant alleged that the Defendants used their peremptory strikes in a racially discriminatory manner in violation of Batson v. Kentucky, 476 U.S. 79 (1986). This Court vacated the magistrate judge's order and remanded the case "for a determination of whether a prima facie constitutional violation has been established and, if so, whether defendants can rebut the presumption by showing a neutral reason for striking blacks." Myers v. Hyatt, No. 89-7016 (4th Cir. July 26, 1991) (unpublished), slip op. at 2.
 
 
 2
 After holding a hearing and receiving evidence from the parties, a magistrate judge determined that though Appellant "established a prima facie case of discrimination," the defense established race neutral reasons for the strikes: level of education, age, and employment status. The magistrate judge also concluded that the explanations were not pretextual. After receiving Appellant's objections, the district court adopted the magistrate judge's report and recommendation after de novo review. Appellant then again appealed to this Court. We affirm.
 
 
 3
 Batson prevents racial discrimination in the exercise of peremptory strikes at a civil jury trial. Edmonson v. Leesville Concrete Co., 500 U.S. 614 (1991). This Court reviews a lower court's factual findings on racial motivation for clear error. United States v. Grandison, 885 F.2d 143, 146 (4th Cir.1989), cert. denied, 495 U.S. 934 (1990). Because the record supports the district court's conclusion that the defense's explanations for its strikes were race neutral and not pretextual, we find that the court's order is not clearly erroneous and affirm. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 AFFIRMED